RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RICK WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-0300 (v)
202-307-0054 (f)
Rickey.watson@usdoj.gov

*Of Counsel:*
BART M. DAVIS
United States Attorney

Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| MARIAN K. BARONI, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

1.   The United States of America brings this timely suit to recover unpaid financial penalties imposed on Marian K. Baroni.  The penalties were imposed pursuant to 31 U.S.C. § 5321(a)(5) because Baroni willfully failed to timely file accurate Forms TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR"), for the years 2009, 2010 and 2011.

### Jurisdiction and Venue

2.   The United States brings this suit to recover FBAR penalties pursuant to 31 U.S.C. § 5321(b).  Pursuant to 31 U.S.C. § 3711(g)(4)(C), this action was filed with the

authorization of, and at the request of, the Secretary of the Treasury, acting through his delegate, the Associate Area Counsel of the Internal Revenue Service. The United States' Complaint is filed at the direction of a delegate of the Attorney General of the United States.

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 28 U.S.C. § 1355(a).

4. Venue is proper in this district under 28 U.S.C. § 1391(c)(1), as the defendant resides within this judicial district.

## The Defendant

5. Defendant Marian K. Baroni is a U.S. citizen who currently resides in Boise, Idaho.

## Baroni's Failure to Timely Report
## Her Financial Interest in Her Foreign Bank Account

6. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

7. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.* For the years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

- 3 -

8. In each of the years 2009, 2010, and 2011, Baroni, a United States citizen, had a financial interest in and signatory authority over, an account at Banque Hottinger & Cie ("the Banque Hottinger account").

9. During each of the years 2009, 2010, and 2011, the balance of the Banque Hottinger account exceeded $10,000.

10. On or before June 30, 2010, Baroni was required to file an accurate FBAR reporting her financial interest in the Banque Hottinger account in 2009.

11. On or before June 30, 2011, Baroni was required to file an accurate FBAR reporting her financial interest in the Banque Hottinger account in 2010.

12. Baroni did not timely file FBARs for 2009 and 2010.

13. In May 2011, Baroni moved from the United States to Panama.

14. On or before June 30, 2012, Baroni was required to file an FBAR reporting her financial interest in the Banque Hottinger account in 2011.

15. On or about June 21, 2012, Baroni timely filed an FBAR for 2011, listing only a Panamanian account in which she held a financial interest.

16. Baroni's assets in the Banque Hottinger account generated income from investments in the foreign exchange market in each of the tax years 2009, 2010 and 2011.

17. On or about January 21, 2014, Baroni filed an untimely FBAR for 2009, reporting five Swiss accounts in which she held financial interests, including Banque Hottinger.

18. On or about February 12, 2014, Baron filed an amended FBAR for 2009, reporting her interest in an additional Swiss account that she omitted from the FBAR identified in paragraph 17 of the complaint.

19. On or about January 21, 2014, Baroni filed an untimely FBAR for 2010, reporting her interests in Banque Hottinger and a Panamanian foreign account.

20. On or about April 28, 2014, Baroni filed an amended FBAR for 2010, reporting her interest in a Belize account that she had omitted from the FBAR identified in paragraph 19 of the complaint.

21. On or about January 21, 2014, Baroni filed an amended FBAR for 2011, reporting her interests in three Swiss accounts and an additional Panamanian account, all of which she omitted from the FBAR identified in paragraph 15 of the complaint.

22. On or about April 28, 2014, Baroni filed a second amended FBAR for 2011 reporting a foreign account that held at a financial instruction in Belize that she omitted from the FBARs identified in paragraphs 15 and 21 of the complaint.

23. As demonstrated below, Baroni's failure to timely report on FBARs her financial interest in the Banque Hottinger account for each of the tax years 2009, 2010, and 2011 was willful. The following activities are some evidence of Baroni's willfulness

**Conduct While Holding Earlier UBS Account**

24. Baroni has held one or more accounts at foreign financial institutions since 1993, upon inheriting from her father one or more foreign bank accounts totaling approximately $3,000,000.

25. Using those funds, Baroni opened an account with Swiss Bank Corporation (which merged with UBS in 1998) on July 28, 1993 under the name Marian Knight Irving. Knight is Baroni's maiden name and Irving was her married name in 1993.

26. Throughout her time as a UBS customer, Baroni made trips nearly every year to UBS in Switzerland to manage her account.

27. Baroni actively managed her investment portfolio by directing changes in strategy that included specific buy and sell instructions.

28. On July 20, 2000, Baroni executed documents proffered by UBS that stated, "I would like to avoid disclosure of my identity to the US Internal Revenue Service under new tax regulations. To that end, I declare that I expressly agree that my account shall be frozen of all new investments in US securities as from 1 November 2000."

29. Throughout her time as a UBS customer, Baroni maintained a "mail hold" to ensure a paper trail of her account did not enter the United States.

30. On July 1, 2008, the United States District Court for the Southern District of Florida issued an order granting the United States leave to serve a John Doe summons on UBS under I.R.C. § 7609. *See In the Matter of the Tax Liabilities of John Does,* Case No. 08-21864 (S.D. Fla.).

31. Thirteen days later, on July 14, 2008, Baroni signed a UBS document entitled "Waiver of the right to invest in US Securities" in which she stated she was "aware of the tax regulations."

32. On July 15, 2008, Baroni closed her accounts at UBS and directed that the assets in those accounts be liquidated and the proceeds transferred to an account at LB (Swiss) Private Bank.

**Other Conduct**

33. In 2009, Baroni closed her account at LB (Swiss) Private Bank and caused the assets in the account to be transferred to one or more accounts at Banque Hottinger.

34. On Schedule B of her Form 1040 for 2009, Baroni answered "No" to the following question: "At any time during 2009, did you have any interest or signature authority

over a financial account in a foreign country such as a bank account, securities account, or other financial account?"

35. On her federal income tax return for 2009, Baroni did not report taxable income acquired from any of the foreign bank accounts in which she held an interest.

36. On her federal income tax return for 2009, Baroni was required to report taxable income of at least $120,427 from foreign investment accounts in which she held an interest.

37. On Schedule B of her Form 1040 for 2010, Baroni answered "No" to the following question: "At any time during 2010, did you have any interest or signature authority over a financial account in a foreign country such as a bank account, securities account, or other financial account?"

38. On her federal income tax return for 2010, Baroni did not report income acquired from any of the foreign bank accounts in which she held an interest.

39. On her federal income tax return for 2010, Baroni was required to report taxable income of at least $61,786 from foreign investment accounts in which she held an interest.

40. On Schedule B of her Form 1040 for 2011, Baroni answered "Yes" to the following question: "At any time during 2011, did you have any interest or signature authority over a financial account in a foreign country such as a bank account, securities account, or other financial account?"

41. On Schedule B of her federal income tax return for 2011, Baroni only identified "Panama" as a county in which she held an account for which she was required to answer "yes" to the question identified in the previous paragraph.

42. On her federal income tax return for 2011, Baroni reported less than $13,300 in taxable income from foreign accounts or investments, all of which were Panamanian.

43. Baroni was required to report taxable income of at least $182,216 from foreign investment accounts in which she held an interest.

44. Baroni wrote letters dated May 10 and May 16, 2013, to four Swiss financial institutions, stating: "[a]s I have decided to declare all my foreign assets in the U.S., I need the following information from the bank…"

45. On January 28, 2011, Baroni transferred title to the family home at 3915 North Arnoult Road, Metairie, Louisiana ("the Arnoult property") to Oblada International Group, Limited, a Belize corporation owned solely by Baroni.

46. Baroni continued to reside at the Arnoult property but did not register the corporation with the Louisiana Secretary of State until the month she took up residency in Panama.

47. Baroni did not cooperate with the Internal Revenue Service during the course of the examinations of her federal income tax returns for 2007-2011.

48. From 1993-2011 Baroni did not disclose her interests in Swiss accounts on any federal income tax returns that she filed.

**Claim for Relief**

49. The United States hereby incorporates the allegations in paragraphs 1 – 45, above, as if fully set forth herein.

50. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for willful failure to comply with the reporting requirements of Section 5314 – *i.e.*, when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is 50% of the balance of the

account at the time of the violation or $100,000, whichever is greater. 31 U.S.C. § 5321(a)(5)(C)(i).

51. Baroni knowingly and intentionally failed to file a timely FBAR for 2009.

52. In the alternative to the preceding paragraph, Baroni recklessly disregarded her statutory duty to timely file an FBAR for 2009.

53. Baroni knowingly and intentionally failed to file a timely FBAR for 2010.

54. In the alternative to the preceding paragraph, Baroni recklessly disregarded her statutory duty to file a timely FBAR for 2010.

55. Baroni timely filed an FBAR for 2011, but the FBAR was not complete and accurate.

56. In particular, Baroni's FBAR for 2011 did not list all of the foreign accounts in which she held a financial interest, and it did not accurately list the maximum balance of each account.

57. Baroni knowingly and intentionally filed an FBAR for 2011 that was not complete and accurate.

58. In the alternative to the preceding paragraph, Baroni recklessly disregarded her statutory duty to file a true and complete FBAR for 2011.

59. Due to Baroni's willful failure to file FBARs reporting her financial interest in the Banque Hottinger account during 2009, 2010, and 2011, on May 10, 2016, , a duly authorized delegate of the Secretary of the Treasury of the United States assessed penalties against her under 31 U.S.C. § 5321(a)(5), as follows:

| Year | Amount |
|---|---|
| 2009 | $953,251 |
| 2010 | $1,245,730 |
| 2011 | $321,520 |

60. The amounts assessed by the delegate of the Secretary of the Treasury are not greater than 50% of the Banque Hottinger account balances at the time of the violations for the corresponding years.

61. A delegate of the Secretary of the Treasury of the United States gave notice of the penalty assessments for 2009, 2010, and 2011 to Baroni and made demand for payment thereof.

62. Despite the notice and demand for payment, Baroni has failed to pay the penalties assessed against her. As a result, interest and statutory additions continue to accrue.

63. As of November July 25, 2016, Baroni owes the United States $3,273,264.85 in penalties assessed under 31 U.S.C. § 5321, including interest and other additional amounts which accrued and continue to accrue as provided by law.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment against Marian K. Baroni and in favor of the United States in the amount of $3,273,264.85for the penalties assessed against her under 31 U.S.C. § 5321(a)(5), accrued interest as of July 25, 2016, plus further interest and statutory additions thereon as allowed by law.

B. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

DATED this 3rd day of May, 2018.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/Rick Watson*
        RICK WATSON
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683 Ben Franklin Station
        Washington, D.C.  20044-0683
        (202) 353-0300

        *Of Counsel*
        BART M. DAVIS
        United States Attorney

        *Attorneys for the United States*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff(s)*<br>v.<br>MARIAN K. BARONI<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   MARIAN K. BARONI
869 North Maple Grove Road
Boise, Idaho 83704


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Rick Watson, United States Department of Justice, Tax Division, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*

Date: _____                              _____
                                                                               *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Marian K. Baroni

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ada
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
US Department of Justice, Tax Division, P.O. Box 633, Washington D.C. (202) 353-0300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 5314, 5321

Brief description of cause:
Collection of Penalty Imposed for Failure to File a Report of Foreign Bank and Financial Account

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
3,273,264.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  5/3/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.